01/04/2010 11:54 FAX 4153312738          LAW OFFICES DE BONNER          Ø 002/002

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REDWOOD MORTAGE CORPORATION, TED J. FISHER,
MICHAEL BURWELL and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLES A. BONNER

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

## ENDORSED FILED
SAN MATEO COUNTY

JAN 0 4 2010

Clerk of the Superior Court
By ___ A. Degliantoni
DEPUTY CLERK

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SAN MATEO COUNTY SUPERIOR COURT <br><br> 400 COUNTY CENTER, REDWOOD CITY, CA 94063 | CASE NUMBER: <br> *(Número del Caso):* <br><br> CIV 490921 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHARLES A. BONNER, ESQ.  SB# 85413  415-331-3070
1913 BRIDGEWAY, SAUSALITO, CA  94965

| DATE: JAN 0 4 2010 <br> *(Fecha)* | JOHN C. FITTON Clerk, by | A. DEGLIANTONI | , Deputy |
| --- | --- | --- | --- |
| | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
[✓] by personal delivery on *(date):* 1 - 4 - 2010

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.AccessLaw.com |
| --- | --- | --- |

110M224841114.tif - 1/4/2010 12:16:19 PM

 

ALL STATE® LEGAL  800-222-0510   ED11   RECYCLED

12/30/2009 13:38 FAX  4153312798          LAW OFFICES OF BONNER                    ☑003/035

1  CHARLES A. BONNER, ESQ. SB# 85413
   A. CABRAL BONNER, ESQ. SB# 247528
2  **LAW OFFICES OF BONNER & BONNER**
   1913 BRIDGEWAY
3  SAUSALITO, CA 94965
   TEL: (415) 331-3070
4  FAX: (415) 331-2738

5  ATTORNEYS FOR PLAINTIFF
   CHARLES A. BONNER
6

7

**ENDORSED FILED**
**SAN MATEO COUNTY**

DEC 3 0 2009

Clerk of the Superior Court
By ____A. Degllentoni____
        **DEPUTY CLERK**

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10                       UNLIMITED JURISDICTION

                                        **BY FAX**

11   CHARLES A. BONNER                    Case No. **CIV 490981**

12          Plaintiff,

13        v.                             **COMPLAINT** FOR VIOLATIONS
                                         PREDATORY LENDING LAWS;
14   REDWOOD MORTGAGE CORPORATION        DECLARATORY RELIEF; INJUNCTION;
     ,TED J. FISHER, MICHAEL BURWELL and VIOLATION OF HOME OWNERSHIP
15   DOES 1-100                          EQUITY PROTECTION ACT; REAL
                                         ESTATE SETTLEMENT PROCEDURES
16          Defendants.                  ACT; FEDERAL TRUTH IN LENDING
                                         ACT; FAIR CREDIT REPORTING ACT;
17   _____/           FRAUDULENT MISREPRESENTATION;
                                         BREACH OF FIDUCIARY DUTY; UNJUST
18                                       ENRICHMENT; CIVIL CONSPIRACY;
                                         CIVIL RICO; SET ASIDE ILLEGAL
19                                       TRUSTEE SAME; QUIET TITLE;
                                         VIOLATIONS OF BUSINESS AND
20                                       PROFESSIONAL CODE SECTION 17200;
                                         USURY; UNFAIR DEBT COLLECTION
21                                       PRACTICES; RESPA VIOLATIONS;
                                         INVASION OF PRIVACY; INTENTIONAL
22                                       INFLICTION OF EMOTIONAL DISTRESS;
                                         AND DAMAGES, INCLUDING PUNITIVE
23                                       DAMAGES AGAINST EACH
                                         DEFENDANT.
24
                                         **JURY TRIAL REQUESTED**
25

26        CHARLES A. BONNER (hereinafter "Plaintiff" files this complaint against defendants

27   REDWOOD MORTGAGE CORPORATION, TED J. FISHER, MICHAEL BURWELL,

28   INCLUDING DOES 1 through 100 inclusive, (hereinafter "LENDERS") as follows:

                                        1
                    __COMPLAINT FOR PREDATORY LENDING VIOLATIONS__

## PARTIES AND VENUE

1.  At all time herein mentioned Plaintiff was, and now is a natural person, residing in Marin County California.

2.  Defendant LENDERS are individuals residing in various counties, except Corporate Defendants REDWOOD MORTGAGE CORP., a California Corporation, with its headquarters located at 900 Veterans Boulevard Suite 500, Redwood City, CA 94063; "hereinafter all DEFENDANTS collectively referred to as "LENDERS"; and all Defendants have transacted and continue to transact business throughout the State of California and the County of Marin.

## JURISDICTION

3.  Jurisdiction of the subject matter is proper because the causes of action herein arose in San Mateo County, California by virtue of all of the mortgage loans, and related inter-temporal transactions associated therewith, which concern the Plaintiff's residential real estate, originated in San Mateo County, at DEFENDANTS office. The address of the subject loan is 1913 Bridgeway Boulevard, Sausalito, CA 94965, Loan Number RMC05081366.

4.  At all times pertinent hereto, DEFENDANT TED J. FISHER was the DESIGNATED OFFICER OF REDWOOD MORTGAGE CORP. DEFENDANT TED J. FISHER directed, authorized, and ratified, the illegal conduct of REDWOOD MORTGAGE CORP., and that of the other defendants set forth herein.

5.  On information and belief, DEFENDANT REDWOOD MORTGAGE CORP. is a company incorporated in California in 1978 , located at 900 Veterans Boulevard Suite 500, Redwood City, CA 94063.

6.  Plaintiff is not aware of the true names, identities and capacities of the DEFENDANTS sued herein as DOES 1 through 100 inclusive, and therefore sues these DEFENDANTS by such fictitious names. Each of these fictitiously named DEFENDANTS is responsible in some manner for the illegal activities alleged in this Complaint. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7.  The violations of law alleged in this Complaint occurred in Sausalito, and Marin County,

2

COMPLAINT FOR PREDATORY LENDING VIOLATIONS

California and elsewhere throughout California and the United States.

8. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the DEFENDANTS sued herein was the agent, employee, assignee, predecessor or successor in interest of each of the remaining defendants and was at all times acting with the purpose and scope of such agency and/or employment.

9. At all relevant times, each DEFENDANT knew or realized that the other defendants were engaging in or planning to engage in illegal and unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts. Each DEFENDANT intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

10. At all relevant times, each defendant committed the acts, caused or directed others to commit the acts, or permitted other to commit the acts alleged in this Complaint. Further, many or all of the DEFENDANTS acted as the agent of the other defendants, and all of the defendants acted within the scope of their agency if acting as an agent of another.

11. At all relevant times, DEFENDANTS have engaged in a conspiracy, common enterprise and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this Complaint. This conspiracy, common enterprise and common course of conduct continues until this day.

## DEFENDANTS ILLEGAL BUSINESS PRACTICES

12. This action arises out of DEFENDANTS' egregious, ongoing and far reaching fraudulent and false advertising and unfair competition in the origination of the residential mortgage loans and home equity lines of credit ("HELOCs") .

13. DEFENDANT REDWOOD MORTGAGE CORP. engaged in schemes for improper use of Plaintiff's identity, fraud in the inducement, fraud in the execution, usury, and breaches of contractual and fiduciary obligations as Mortgagee or "Trustee" on the Deed of Trust, "Mortgage Broker," "Loan Originators," "Loan Sellers," "Mortgage Aggregator", Trustee of Pooled Assets," "Trustee or Officers of Structured Investment Vehicle," "Investment Banker," Trustee of Special Purpose Vehicle/Issuer or Certificates of "Asset-Backed

Certificates, Seller of Asset-Backed Certificates (shares or bonds)", Special Servicer" and Trustee, respectively, of certain mortgage loans pooled together in a trust fund.

14. The DEFENDANTS and participants in the securitization scheme described herein devised business plans to reap millions of dollars in profits at the expense of Plaintiff and other owners of residential real estate.

15. REDWOOD MORTGAGE CORP. originated mortgage loans and HELOCs through wholesale origination channels and a retail origination channel. The REDWOOD MORTGAGE INVESTORS CORP. employees who marketed, sold or negotiated the terms of mortgage loans and HELOCs in any of its origination channels, either directly to consumers or indirectly by working with "mortgage brokers" or "loan officers".

16. In or around 2000, the mortgage market changed from one in which lenders originated mortgage for retention in their own portfolios to one in which lenders attempted to generate as many mortgage loans as possible for resale on the secondary mortgage market. REDWOOD MORTGAGE CORP. engaged in schemes to not only originate high mortgage loan volumes but also to originate loans with above-market interest rates and other terms, which would attract premium prices on the secondary market.

17. In addition to seeking compensatory, consequential and other damages, Plaintiff seeks declaratory relief as to what (if any) party, entity or individual or group thereof is owner of the promissory note executed at the time of the loan closing, and whether the Deed of trust (Mortgage) secures any obligation of the plaintiff, and a Mandatory Injunction requiring re-conveyance of the subject property to the Plaintiff, or in the alternative a Final Judgment granting Plaintiff Quiet Title in the subject property.

18. At all relevant times, REDWOOD MORTGAGE CORP. acted with malice, oppression and fraud, entitling Plaintiff to punitive damages, against all DEFENDANTS.

## STATEMENT OF FACTS

19. On or about May 20, 2008, Plaintiff executed a stack of loan documents presented at California Land Title of Marin, at 700 Irwin Street, Suite 100, San Rafael, CA 94901, by Sharon Jacobson a public notary.

4

COMPLAINT FOR PREDATORY LENDING VIOLATIONS

20.    Plaintiff alleges that the DEFENDANTS REDWOOD MORTGAGE CORP., and each of them, in so acting in this case and with respect to many other mortgage or trust deed security instruments engaged in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so, knowing that the property owners affected do not have knowledge and means to contest the right of said DEFENDANTS to do so.

21.    The subject property is unique. Therefore, should DEFENDANTS, and each of them, not be enjoined, Plaintiff will suffer irreparable injury and harm for which there is not adequate remedy in law when DEFENDANTS proceed to sell the subject properties to a third party who might be a bona fide purchaser for value.

22.    DEFENDANTS REDWOOD MORTGAGE CORP, and each of them, in committing the acts alleged in this and other cases are engaging in a pattern of unlawful activity.

23.    As a result thereof, Plaintiff has been damaged in having to hire attorneys before bringing this actions, and has had to and will have to incur attorneys fees to stop the wrongful acts of the DEFENDANTS and each of them. Plaintiff has been damaged in other ways that are not readily apparent at this time, but will amend this complaint to allege further damages as they are determined.

24.    Plaintiff is the nominal payor on the subjects' promissory Notes. The Loan Seller, i.e., the Initial Lender that funded the loan, and each of them, is/was a financial institution that was paid a fee to pose as a residential mortgage lender, when in fact the source of loan funds and the actual lender (Investors in Certificates) and underwriter (Mortgage Aggregator and Investment Banker) were other parties whose identities and receipt of feed and profits were withheld from Plaintiff by the DEFENDANTS contrary to the requirements of Federal Law and applicable State Law.

25.    Unbenownst to Plaintiff, DEFENDANTS REDWOOD MORTGAGE CORP., acting as the Loan Seller and principal in its relationship with the "independent appraiser" of the property, and mortgage broker conspired and took affirmative steps to induce the Plaintiff into a transaction that did not and could not meet normal underwriting standards for a residential

5

**COMPLAINTFOR PREDATORY LENDING VIOLATIONS**

1    mortgage. The Loan Seller, i.e. the Initial Lender , posed as a conventional mortgage lender

2    thus lending Plaintiff to reasonabley believe that the Loan seller, the mortgage broker, and

3    the loan originator had an interest in the success (repayment of the loan) of the transaction

4    that Plaintiff was induced to believe was being executed at the time of the "closings" of the

5    subject loans' transactions.

6    26.   In fact, the Loan Seller, Mortgage Broker/Originator, Appraiser, Title Company, Escrow

7          Company had no financial stake in the transactions and no interest other than obtaining

8          Plaintiff's signature on a "loan" that could never be repaid, contrary to representations and

9          assurances from the conspiring participants in this fraudulent scheme. In fact, the "Appraisal"

10         was intentionally and knowingly inflated along with other loan data to justify the closing of

11         the "loan transactions". Plaintiff relied upon the due diligence of the apparent "Lender" in

12         executing and accepting the closing documents. In fact, "Lender" was not involved in the

13         closing in the sense of an entity performing due diligence and evaluation pursuant to national

14         standards for underwriting and evaluation risk of loaning money in a residential loan closing.

15         Thus no bank or other financial institution actually performing under the standard, rules and

16         regulations governing such institutions was the "Lender" which is an additional basis for

17         Plaintiff's causes of action for usury, to wit: that the inflated appraisal added an undisclosed

18         cost to the loan which when added to the other terms, disclosed and undisclosed, and

19         amortized over the real expected life of the loan" exceeds the limits set by the State

20         legislature for usury and is not subject to exemption because the presence of a financial

21         institution in the transaction was a ruse in which the form of the transaction covered over and

22         misled the Plaintiff as to the real parties in interest and the fees generated by the production

23         of the subject "loan transactions".

24   27.   Their purpose was solely to collect fees, rebates, kickbacks and profits that were never

25         disclosed to Plaintiff and have only recently in 2009 been discovered by Plaintiff through

26         consultation with experts in securitization of residential mortgage loans, and diligent research

27         including the filings of some parties with the Securities and Exchange Commission which

28         disclose the normal manner of operating the fraudulent scheme.

*6*
**COMPLAINT FOR PREDATORY LENDING VIOLATIONS**

28.  At no time whatsoever did DEFENDANTS ever advise Plaintiff of any material facts affecting the terms and conditions of the loans and Plaintiff's ability to pay the loan in full. Specifically, DEFENDANTS never advised Plaintiff of any of the following:

    a)  the mortgage loans being processed were in Plaintiff's best interest;

    b)  the terms of the mortgage loans being process were less favorable then conventional loans with a pay off of principal and interest;

    c)  that the interest only loans would accumulate additional interest attached to the balloon payment at the end of the loan upon payoff.

    d)  that as a result of the change in interest rate and added interest to the balloon payment Plaintiff would not be able to meet his financial obligations on the loans, given his income and expense history previously provided to DEFENDANTS;

    e)  that Plaintiff would likely be placed in a position of default, foreclosure, upon not being able to meet his increased loan obligations due to the ever increasing interest rate on the interest only loan.

39.  DEFENDANT REDWOOD MORTGAGE CORP. engaged in a pattern and practice of placing Plaintiff, and others similarly situated residential real estate owners, into a sub-prime, interest only, adjustable rate with a balloon payment mortgage program, while intentionally misleading Plaintiff, and other similarly situated residential real estate owners, and engaging in material omissions by failing to disclose to Plaintiff the fact that Plaintiff was being placed into a sub-prime, interest only, adjustable rate with a balloon payment mortgage program despite not being fully qualified for such a program.

30.  Prior to the closing, DEFENDANT REDWOOD MORTGAGE CORP., failed to provide to Plaintiff, and others similarly situated residential real estate owners, the preliminary disclosures required by the truth-In-Lending Act pursuant to 12 CFR (also known as and referred to herein as "Regulation Z) Sec. 226.17 and 18 and failed to provide the preliminary disclosures required by the Real Estate Settlement Procedures Act ("RESPA") PURSUANT TO 24 CFR Sec. 3500.6 and 3500.7, otherwise known as a good faith estimate ("GFE").

7
**COMPLAINT FOR PREDATORY LENDING VIOLATIONS**

31.  DEFENDANT REDWOOD MORTGAGE CORP. also intentionally failed and/or refused to provide various disclosures, which would indicate to the Plaintiff that the consumer credit contract entered into was void, illegal, and predatory in nature due in part to the fact that the final TIL showed a "Fixed Rate" schedule of payments, but did not provide the proper disclosures of the actual contractually due amounts and rates.

32.  DEFENDANT REDWOOD MORTGAGE CORP., failed and/or refused to provide a HUD-1 Settlement Statement at the closing which reflected the true cost of the consumer credit transaction. As DEFENDANT failed to provide an accurate GFE or Itemization of Amount Financed ("IOAF"), there was no disclosure of a Yield Spread Premium ("YSP"), which is required to be disclosed by the Truth In Lending Act) and thus no disclosure of the true cost of the loan.

33.  As a direct and proximate result of these failures to disclose as required by the Truth In Lending Act, DEFENDANTS received a YSP in a substantial amount without preliminary disclosure,.which is a per se violation of 12 CFR Sec 226.17 and 18(d) and (o)(1)(iii). The YSP raised the interest rate which was completely unknown to or approved by the Plaintiff as he did not receive the required GFE or IOAF disclosures.

34.  In addition, the completely undisclosed YSP was not disclosed by DEFENDANTS in their broker contract, nor did the DEFENDANTS disclose all fees and payments to their broker according to law. This is an illegal kickback in violation of 12 USC Sec. 2607 as well as State law which gives rise to all damages claims for all combined broker fees, costs, and attorneys's fees.

35.  The amount financed within the TIL is also understated which is a material violation of 12 CFR Sec. 226.17 and 18, in addition to 15 USC Sec. 1602(u), as the amount financed must be completely accurate with no tolerance.

36.  DEFENDANT REDWOOD MORTGAGE CORP., including DEFENDANT t, and TED J. FISHER each of them, were under numerous legal obligations as fiduciaries and had the responsibility for overseeing the purported loan consummation to insure that the consummation was legal, proper, and that Plaintiff received all legally required disclosures

8

**COMPLAINT FOR PREDATORY LENDING VIOLATIONS**

pursuant to the Truth In Lending Act and RESPA both before and after closing as their duty to truthfully disclose is a continuing non-delegatable duty.

37. Plaintiff, not being in the consumer lending, mortgage broker, or residential loan business, reasonably relied upon the DEFENDANTS to ensure that the consumer credit transaction was legal, proper and compiled with all applicable laws, rules, and regulations.

38. At all times relevant hereto, DEFENDANT regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more that four (4) installments and was initially payable to the person, the subject of the transaction, rending DEFENDANTS "creditors" within the meaning of the Truth In Lending Act, 15 U.S.C. Sec. 1602 (f) and Regulation Z Sec. 226.2 (a)(17).

39. At the closing of the subject "loan transactions," Plaintiff executed Promissory Notes and Security Agreements in favor of DEFENDANTS as aforesaid. These transactions, designed by DEFENDANTS as Loans, extended consumer credit, which was subject to a finance charge and which was initially payable to the DEFENDANTS. As part of the consumer credit transaction on the subject of the closing, DEFENDANTS retained a security interest in the subject properties which were Plaintiff's residential property, including Plaintiff's principal residential dwelling.

40. DEFENDANTS engaged in a pattern and practice of defrauding Plaintiff in that, during the entire life of the mortgage loans, DEFENDANTS failed to properly credit payments made; incorrectly calculated interest on the accounts; and have failed to accurately debit fees. At all times material, DEFENDANTS had actual knowledge that the Plaintiff's accounts were not accurate but that Plaintiff would make further payments based on DEFENDANTS' inaccurate accounts.

41. Plaintiff made payments based on the improper, inaccurate, and fraudulent representations as to Plaintiff's accounts.

42. As a direct, proximate and legal cause of the actions of the DEFENDANTS set forth above, Plaintiff overpaid in interest.

43. DEFENDANTS also utilized amounts known to the DEFENDANTS to be inaccurate to

9

**COMPLAINT FOR PREDATORY LENDING VIOLATIONS**

1    determine the amount allegedly due and owing for purposes of foreclosure.

2    44.    DEFENDANTS' violations were all material in nature under the Truth In Lending Act.

3    45.    DEFENDANTS' violations, in addition to the fact that Plaintiff did not properly receive

4    Notices of the Right to Cancel, constitute violations of 15 USC Sec. 1635(a) and (b) and 12

5    CFR Sec. 226.23(b), and are thus a legal basis for and legally extend Plaintiff's right to

6    exercise the remedy of rescission, which right is hereby exercised.

7    46.    On information and belief and given the volume of residential loan transactions solicited and

8    processed by the DEFENDANTS, the DEFENDANTS have engaged in two or more

9    instances of racketeering activity involving different victims but utilizing the same method,

10    means, mode, operation, and enterprise with the same intended result.

11    ### CLAIMS FOR RELIEF

12    ### FIRST CAUSE OF ACTION
    ### VIOLATIONS OF HOME OWNERSHIP EQUITY PROTECTION ACT
13    (Against all Defendants)

14    47.    Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein

15    below.

16    48.    In 1994, Congress enacted the Home Ownership Equity Protection Act ("HOEPA"), which

17    is codified as 15 USC Sec. 1639 et seq. with the intention of protecting homeowners from

18    predatory lending practices targeted at vulnerable consumers. HOEPA requires lenders to

19    make certain defined disclosures and prohibits certain terms from being included in home

20    loans. In the event on noncompliance, HOEPA imposes civil liability for rescission and

21    statutory and actual damages.

22    49.    Plaintiff is a "consumer" and each DEFENDANT is a "creditor" as defined by HOEPA. In

23    the mortgage loan transactions at issue here, Plaintiff was required to pay excessive fees,

24    expenses, and costs which exceeded more then 10% of the amount financed.

25    50.    Pursuant to HOEPA and specifically 15 USC Sec. 1639(a)(1), each DEFENDANT is

26    required to make certain disclosures to the plaintiffs which are to be made conspicuously and

27    in writing no later than three (3) days prior to the closing.

28    51.    In the loan transactions at issue, DEFENDANTS were required to make the following

110M224050627.tif - 12/30/2009 2:10:49 PM

disclosures to Plaintiff by no later than three (3) days prior to said closing:

a)     "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application";

b)     "If you obtain this loan, the lender will have a mortgage on your home";

c)     "You could lose your home and any money you have put into it, if you do not meet your obligation under the loan."

52.    DEFENDANTS violated HOEPA by numerous acts and material omissions, including, but not limited to, the following:

a)     Failing to make the foregoing disclosures in a conspicuous fashion;

b)     By engaging in a pattern and practice of extending credit to Plaintiff without regard to his ability to repay in violation of 15 USC Sec. 1639 (h).

53.    By virtue of the DEFENDANTS multiple violations of HOEPA, Plaintiff has a legal right to rescind the consumer credit transaction the subject of this action pursuant to 15 USC Sec. 1635. This complaint is to be construed, for these purposes, as formal and Public Notice of Plaintiff's Notice of Rescission of each of the Mortgages and Notes entered into with DEFENDANTS.

54.    DEFENDANTS further violated HOEPA by failing to make additional disclosures, including, but not limited to, Plaintiff not receiving the required disclosure of the right to rescind the transaction; the failure of DEFENDANTS to provide an accurate TIL disclosure; and the amount financed being understated.

55.    As a direct consequence of, and in connection with Plaintiff's legal and lawful exercise of his rights of rescission, the true "Lender" is required, within twenty (20) day of this Notice of Rescission, to do the following:

a)     Desist from making any claim for finance charges in the loan transactions;

b)     Return all monies paid by Plaintiff in connection with the transaction to the Plaintiff;

c)     Satisfy all security interests, including mortgagees, which were acquired in the transaction.

110M224050627.tif - 12/30/2009 2:10:49 PM

56. Based on DEFENDANTS HOEPA violations, each of the DEFENDANTS is liable to the Plaintiff for the following, which Plaintiff hereby demands as relief:

    a)   Rescission of the mortgage loan transactions;

    b)   Termination of the mortgage and security interest in the properties, the subject of the mortgage loan documents created in the transaction;

    c)   Return of any money or property paid by the Plaintiff, including all payments made in connection with the loan transactions;

    d)   an amount of money equal to twice the finance charges in connection with the transactions;

    e)   Relinquishment of the right to retain any proceeds; and

    f)   Actual damages in an amount to be determined at trial, including punitive damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")
(Against all Defendants)

57. Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

58. As mortgage lenders, DEFENDANTS are subject to the provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 USC Sec. . 2601 et seq.

59. In violation of 12 USC Sec. . 2607 and in connection with the mortgage loans to Plaintiff, and others residential real estate owners similarly situated, DEFENDANTS accepted charges for the rendering of real estate services, which were in facts charges for other than services actually performed.

60. As a result of the DEFENDANTS' violations of RESPA laws, DEFENDANTS are liable to Plaintiff in an amount equal to three (3) times the amount of charges paid by Plaintiff for "settlement services" pursuant to  12 USC Sec. 2607(d)(2).

//
//

110M224050627.tif - 12/30/2009 2:10:49 PM

## THIRD CAUSE OF ACTION
### VIOLATIONS OF FEDERAL TRUTH IN LENDING ACT
(Against all Defendants)

61. Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

62. DEFENDANTS failed to include and disclose certain charges in the finance charges shown on the TIL statements, which charges were imposed on Plaintiff incidental to the extension of credit to the Plaintiff and were required to be disclosed pursuant to 15 USC Sec 1605 and Regulation Z Sec. 226.4, thus resulting in an improper disclosure of finance charges in violation of 15 USC Sec 1601 et seq., Regulation Z Sec 226.18(d). Such under-disclosed charges include a sum identified on the settlement Statement listing the amount financed, which is different from the sum listed on the original Note.

63. By calculating the Annual Percentage Rate ("APR") based upon improperly calculated and disclosed amounts, DEFENDANTS are in violation of 15 USC Sec 1601 et seq., Regulation Z Sec. 226.18(c), 18 (d) and 22.

64. DEFENDANTS' failure to provide the required disclosures provides Plaintiff with the right to rescind the transactions, and Plaintiff, through this Public Complaint which is intended to be construed, for purposes of this claim, as a form Notice of Rescission hereby elects to rescind the transaction.

## FOURTH CAUSE OF ACTION
### VIOLATIONS OF FAIR CREDIT REPORTING ACT
(Against all Defendants)

65. Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

66. At all times material, DEFENDANTS qualified as a provider of information to the Credit Reporting Agencies, including, but not limited to, Experian, Equifax, and TransUnion, under the Federal Fair Credit Reporting Act 65. DEFENDANTS wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on his credit reports and the lowering of his FICO scores.

67. Pursuant to 15 USC Sec. 1681(s)(2)(b), Plaintiff is entitled to maintain a private cause of action against DEFENDANTS for an award of damages in an amount to be proven at the time of trial for all violations of the Fair Credit Reporting Act, which caused actual damages to Plaintiff, including general and non-economic damages such as emotional distress and humiliation.

68. Plaintiff is entitled to recover damages from DEFENDANTS for negligent non-compliance with the Fair Credit Reporting pursuant to 15 USC Sec. 1681(o)

69. Plaintiff is also entitled to recover damages from DEFENDANTS for the willful non-compliance with the Fair Credit Reporting pursuant to 15 USC Sec. 1681(n)(a)(2) in an amount to be proven at time of trial.

## FIFTH CAUSE OF ACTION
### FRAUDULENT MISREPRESENTATION
(Against all Defendants)

70. Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

71. DEFENDANTS knowingly and intentionally concealed material information from Plaintiff, which is required by Federal Statutes and Regulations to be disclosed to Plaintiff both before and at the closing.

72. DEFENDANTS misrepresented material information to the Plaintiff with full knowledge by DEFENDANTS that their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

73. Under the circumstances, the material omissions and material misrepresentations of the DEFENDANTS were malicious, fraudulent and oppressive warranting punitive damages for the protection of the public from DEFENDANTS.

74. Plaintiff, not being an investment banker, securities dealer, mortgage lender, or mortgage broker, reasonably relied upon the representations of the DEFENDANTS in agreeing to execute the mortgage loan documents.

75. Had Plaintiff known of the falsity of DEFENDANTS' representations, Plaintiff would not have entered into the transactions, which are the subjects of this action.

76. As a direct, legal and proximate cause of the DEFENDANTS' material omissions and material misrepresentations, Plaintiff has suffered, and is suffering damages, economic and non-economic.

### SIXTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
#### (Against all Defendants)

77. Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

78. DEFENDANTS, by their actions in contracting to provide mortgage loan services and a loan program to Plaintiff, which was not only to be best suited to the Plaintiff, given his income and expenses but by which Plaintiff would also be able to satisfy his obligation without risk of losing his home and real estate, were "Fiduciaries" in which Plaintiff reposed trust and confidence, especially given that Plaintiff was not and is not, as DEFENDANTS knew at all relevant times, an investment banker, securities dealer, mortgage lender or mortgage broker.

79. DEFENDANTS breached their fiduciary duties to Plaintiff by fraudulently inducing Plaintiff to enter into mortgage transactions which were contrary to Plaintiff's stated intentions; contrary to the Plaintiff's interest; and contrary to the Plaintiff's preservation of his home and other residential real estate.

80. As a direct and proximate result of the DEFENDANTS' breaches of their fiduciary duties, Plaintiff has suffered damages, economic and non-economic.

81. Under the totality of the circumstances, the DEFENDANTS' actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiff, justifying an award of not only actual compensatory damages but also exemplary punitive damages to serve as a deterrent not only as to future conduct of the DEFENDANTS HEREIN, but also to the persons or entities with similar inclinations of law violations.

### SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
#### (Against all Defendants)

82. Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

15

**COMPLAINT FOR PREDATORY LENDING VIOLATIONS**

83.  DEFENDANTS had an implied contract with the Plaintiff to ensure that Plaintiff understood all fees which would be paid to the DEFENDANTS to obtain credit on Plaintiff's behalf and to not charge any fees which were not related to the settlement of the loans and without full disclosure to PLAINTIFF.

84.  DEFENDANTS had full knowledge that a "bait and switch" adjustable rate predatory mortgage with an increase in the interest rate due to the YSP paid to the broker for the "up sell" was not in the plaintiff's best interest. DEFENDANTS cannot, in good conscience and equity, retain the benefits from their actions of charging a higher interest rate, fees, rebates, kickbacks, profits, and gains and YSP fee unrelated to the settlements services provided at closing.

85.  DEFENDANTS have been unjustly enriched at the expense of the Plaintiff, and maintenance of the enrichment would be contrary to the rules and principle of equity.

86.  Plaintiff thus demands restitution from the DEFENDANTS in the form of actual damages, exemplary damages and attorneys' fees.

### EIGHTH CAUSE OF ACTION
### CIVIL CONSPIRACY
(Against all Defendants)

87.  Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

88.  In connection with the application for and consummation of the mortgage loans subject of this action, and in connection with the trustee sale subject of this action, DEFENDANTS agreed, between and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one of more overt acts in furtherance of the conspiracy to defraud the Plaintiff.

89.  DEFENDANTS agreed between and among themselves to engage in the conspiracy to defraud for the common purposes of accruing economic gains for themselves at the expense of and detriment to the Plaintiff.

90.  The actions of the DEFENDANTS were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiff.

16

91.    As a direct, legal and proximate result of the actions of the DEFENDANTS in combination, resulting in fraud and breaches of the fiduciary duties, Plaintiff has suffered damages, economic and non-economic.

### NINTH CAUSE OF ACTION
### CIVIL RICO
(Against all Defendants)

92.    Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

93.    DEFENDANTS are "persons" as defined by ORC Sec. 2923.31(G).

94.    The conspiracy the subject of this action has existed from the date of application to the present, with the injuries and damages resulting from there being continuing.

95.    DEFENDANTS' actions and use of multiple corporate entities, multiple parties, and concerted predetermined acts and conduct specially designed to defraud Plaintiff constitutes an "Enterprise", with the aim and objective of the enterprise being to perpetrate a fraud upon the Plaintiff through the use of intentional non-disclosure, material misrepresentation, and creation of fraudulent loan documents.

96.    Each of the DEFENDANTS is an "Enterprise Defendant".

97.    As a direct, legal and proximate result of the illegal actions of the DEFENDANTS in combination, resulting in fraud and breaches of the fiduciary duties, and carrying out an unlawful enterprise, Plaintiff has suffered damages, economic and non-economic.

### TENTH CAUSE OF ACTION
### QUIET TITLE
(Against all Defendants)

98.    Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

99.    The property that is the subject of this action is located at the following address:

(a)    1913 Bridgeway Blvd. Sausalito, CA. The legal description of said property is attached as an exhibit "A".

100.    DEFENDANTS are wrongfully asserting claims and interests in the above referenced property adverse to the Plaintiff herein. However, the claims of said DEFENDANTS are

17

1  without any right whatsoever, and said DEFENDANTS have not legal or equitable right,

2  claim, or interest in said property.

3  101.  Plaintiff therefore seeks a declaration that the title to the subject property is vested in Plaintiff

4  alone and that the DEFENDANTS herein, and each of them, be forever enjoined from

5  asserting any estate, right, title or interest in the subject properties adverse to Plaintiff herein.

6  102.  WHEREFORE, Plaintiff prays for judgment against DEFENDANTS and each of them as

7  follows:

8  a)  For an order compelling said DEFENDANTS, and each of them, to transfer legal title

9  and possession of the subject properties to Plaintiff herein;

10  b)  For a declaration and determination that Plaintiff is the rightful owner of title to the

11  properties and that DEFENDANTS herein, and each of them, be declared to have no

12  estate right, title or interest in said properties;

13  c)  For a judgment forever enjoining said DEFENDANTS, and each of them, from

14  claiming any estate, right , title or interest in said properties.

15  d)  For costs of suit herein incurred.

16  **ELEVENTH CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200**

17  (Against all Defendants)

18  103.  Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein

19  below.

20  104.  By committing the acts described herein DEFENDANTS, and each of them, have engaged

21  in unfair business practice, causing injury and damages to Plaintiff and therefore violated

22  California Business and Professions Code Sec. 17200.

23  **TWELTH CAUSE OF ACTION**
**USURY**

24  (Against all Defendants)

25  105.  Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein

26  below.

27  106.  The real APR was not disclosed.

28  107.  The interest charged was greater than State law permitted.

108. In regard to usury, a loan to be used primarily for home improvement or home purchase is not regarded as a loan for personal, family or household purposes. With these loans and for any other loans which are not for personal, family or household purposes, the allowable rate is the higher of 10% or 5% over the amount charged by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month before the loan (if the agreement to loan and the actual lending of the money are indifferent months, the 25th day of the month before the earlier event is used).

109. The intentionally inflated appraisal lifted the APR far above any disclosed or permissible limits on interest when amortized over the known and likely life of the loan and no exemptions apply for "financial institutions" or other "licensed" lending organizations because the real source of the loans in a table-funded loan was not only lacking a bank charter or lending license, they were most probably not registered to do business in the State of California.

110. The pattern of cheating the State out of the revenues for registration and evading the taxes and revenues to the state by not recording the alleged "assignments" of the loans despite State law to the contrary, demonstrates that the fraudulent scheme of tricking borrowers into signing papers they would not have signed if they were aware of the true facts so that their identities could be stolen and used to sell unregulated and fraudulent securities, such that the borrowers and the State were victims of the fraud.

### THIRTEENTH CAUSE OF ACTION
#### PREDATORY LENDING
### VIOLATIONS OF CALIFORNIA FINANCIAL CODE SECTIONS 4970-4979.8
(Against all Defendants)

111. Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

112. DEFENDANTS do not have the right under the law of Negotiable Instruments in this State, by endorsement, assignment, agency or otherwise, to receive payment under the subject notes and to initiate foreclosure under a power of sale contained therein, if any. The DEFENDANTS are subject to defenses that would have been available against the Lenders

identified in the security instrument.

113.   All DEFENDANTS and "Lenders" have engaged in predatory lending practices with respect to Plaintiff, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

## FOURTEENTH CAUSE OF ACTION
### UNFAIR DEBT COLLECTION PRACTICES
(Against all Defendants)

114.   Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

115.   Plaintiff is informed and believes and thereupon alleges that the DEFENDANTS, and each of them, in taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to, Civil Code Sec. 1788(e) and (f);the

Federal Debt Collections Act, 15 U.S.C., Title 41, Sub chap. V, Secs. 1692 et seq., and the RESPA, 12 U. S. C. Secs 2601-2617.

116.   One or more of the unfair debt collections practices referred to in the previous paragraph permits, under the law, on or more defenses or remedies, the specifics of which will be alleged by amend to this complaint when ascertained.

## FIFTEENTH CAUSE OF ACTION
### INVASION OF PRIVACY
(Against all Defendants)

117.   Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

118.   Plaintiff is informed and believes and thereupon alleges that the DEFENDANTS, and each of them, in taking the actions aforementioned, have engaged in a pattern and practice of misrepresenting themselves as Plaintiff to First Party Lien Holders and making payments on said First Party Liens in Plaintiff's name, fraudulently representing that they were Plaintiff.

119.   Plaintiff never consented to DEFENDANTS representing themselves as Plaintiff to First Party Lien Holders nor did he consent to DEFENDANTS making payments on said First

Party Liens in Plaintiff's name. Any authorization DEFENDANTS obtained from Plaintiff was obtained fraudulently, and DEFENDANTS, and each of them, in taking the actions aforementioned, have exceeded the "authorization" given by misrepresenting themselves as Plaintiff to First Party Lien Holders and making payments on said First Party Liens in Plaintiff's name, fraudulently representing that they were Plaintiff

120.    At all times relevant, Plaintiff had a reasonable expectation of privacy under Act 1, Sec. 1 of the California Constitution, including an expectation of privacy in his financial affairs.

121.    DEFENDANTS invaded Plaintiff's privacy by engaging in the actions and conduct alleged herein and above.

122.    As a direct, legal and proximate result of the illegal actions of the DEFENDANTS in combination, resulting in fraud and breaches of the fiduciary duties, and carrying out an unlawful enterprise, invading Plaintiff's privacy, Plaintiff has suffered damages, economic and non-economic.

### SIXTEENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTION DISTRESS
(Against all Defendants)

123.    Plaintiff reaffirms and re-alleges all the above paragraphs as set forth more fully herein below.

124.    DEFENDANTS' acts of intentionally violating all the laws and regulations alleged herein constitute extreme and outrageous conduct which should not be tolerated in a civilized society.

125.    As a direct, legal and proximate result of the illegal actions of the DEFENDANTS in combination, resulting in fraud and breaches of the fiduciary duties, and carrying out an unlawful enterprise, invading Plaintiff's privacy, Plaintiff has suffered damages, economic and non-economic, including severe emotional distress, and mental anguish.

126.    Under the totality of the circumstances, the DEFENDANTS' actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiff, justifying an award of not only actually compensatory damages but also exemplary punitive damages to serve as a deterrent not only as to future conduct of the name DEFENDANTS HEREIN,

110M224050627.tif - 12/30/2009 2:10:49 PM

1    but also to the persons or entities with similar inclinations of law violations.

2                              **RELIEF SOUGHT**

3    127.   WHEREFORE, having set forth numerous legally sufficient causes of actions against

4           DEFENDANTS, Plaintiff prays judgment as follows:

5           a)    DEFENDANTS, and each of them, be required to deed back to the Plaintiff the

6                 subject real property;

7           b)    DEFENDANTS, and each of them, be permanently enjoined from any and all further

8                 attempts to foreclose on the subject real property.

9           c)    That Plaintiff be awarded monetary damages against the DEFENDANTS, and each

10                of them, jointly and severally, that Plaintiff incurred due to the need to bring this

11                action for injunctive relief according to proof;

12          d)    The Plaintiff be awarded statutory damages for Unfair Debt Collection practices

13                under the Federal and California statutes;

14          e)    That Plaintiff be awarded treble damages as permitted by law;

15          f)    That prejudgment interest be awarded plaintiff as permitted by law;

16          g)    Entry of a Final Judgment against all DEFENDANTS jointly and severally in an

17                amount not yet quantified, but to be proven at trial and such other amounts to proven

18                at trial;

19          h)    That the Court find that the transactions the subject of this action are illegal and are

20                deemed void;

21          i)    That the foreclosures which were instituted be deemed and declared illegal and void

22                and the further proceedings in connection with the foreclosure be enjoined ;

23          j)    To set aside each of the illegal trustee sales.

24          k)    Cancel all trustees' deeds;

25          l)    To quiet Titles

26          m)    For compensatory and general, economic and non-economic, damages according to

27                proof;

28          n)    For interest at the prevailing legal rate of interest accrued on any damages awarded

                                           22
                        **COMPLAINT FOR PREDATORY LENDING VIOLATIONS**

to the extent permissible under the law;

o)  For exemplary and punitive damages in an amount of $15,000,000.00 (fifteen million dollars) or an amount appropriate to punish DEFENDANTS and deter others from engaging in similar misconduct;

p)  For the right to account for all funds, fees and amount paid to DEFENDANTS;

q)  For attorneys' fees be awarded as permitted by law;

r)  For costs of suit incurred;

s)  for corrective actions to restore Plaintiff's credit rating at all agencies and his FICO score to prior to DEFENDANTS loans. These corrective actions to be performed by the DEFENDANTS with confirmations and proof provided to the Plaintiff; and

t)  For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

## DEMAND FOR JURY TRIAL

128. Plaintiff hereby demands trial by jury of all matters so triable as a matter of right.

1  Dated: December 30th, 2009

2

3                            LAW OFFICES OF BONNER & BONNER

4

5

6                            CHARLES A. BONNER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PREDATORY LENDING VIOLATIONS**

110M224050627.tif - 12/30/2009 2:10:49 PM

**VERIFICATION**

I, Charles A. Bonner, am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the content thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed in Sansalito, CA, Marin County. Dated: December 30, 2009

LAW OFFICES OF BONNER & BONNER

CHARLES A. BONNER

COMPLAINT FOR PREDATORY LENDING VIOLATIONS

110M224050627.tif - 12/30/2009 2:10:49 PM

12/30/2009 13:47 FAX 4153312738          LAW OFFICES OE BONNER                              ☑ 028/035

## EXHIBIT "A"

### DESCRIPTION OF THE PROPERTY

ALL THAT CERTAIN real property situate in the City of Sausalito, County of Marin, State of California, described below as follows:

### PARCEL ONE:

THAT portion of Lots 2 and 3 in Block 43 of the Official Map of the lands of the Sausalito Land and Ferry Company in the City of Sausalito, County of Marin, State of California, as per said Official Map filed April 26, 1869 in the Office of the County Recorder of said County, described as follows:

BEGINNING at a point on the Southwesterly line of Bonita Street distant 90 feet Southeasterly along said line fence from the intersection thereof with the Southeasterly line of Spring Street, thence Southeasterly along said line of Bonita Street, 30 feet; thence at a right angle Southwesterly parallel to said Southeasterly line of Spring Street 100 feet; thence Northwesterly and parallel to said Southwesterly line of Bonita Street 30 feet; thence Northeasterly and parallel to said line of Spring Street, 100 feet to the point of beginning.

### PARCEL TWO:

AN EASEMENT for ingress, egress and parking over the following described parcel of land:

BEGINNING at the most Easterly corner of that certain parcel of land described in the Deed from Earle C. Stanton, et ux to Leo Krikorian, recorded December 17, 1965 in Book 2009 of Official Records, at Page 262, Marin County Records; running thence Northwesterly along the Northeasterly line of said parcel for a distant of 4.5 feet; thence leaving said Northeasterly line at right angles Southwesterly, parallel with the Southeasterly line of said parcel, for a distance of 59 feet; thence at right angles Northwesterly 25.5 feet to the Northwesterly line of said Krikorian Parcel; thence along the boundary of said parcel at right angles Southwesterly for a distance of 41 feet, thence at right angles Southeasterly for a distance of 30 feet and thence at right angles Northeasterly for a distance of 100 feet to the point of beginning.

APN: 64-141-04
PROPERTY MORE COMMONLY KNOWN AS: 1913 BRIDGEWAY BLVD., SAUSALITO, CA 94965

27

12/30/2009 18:38 FAX 4153312738    LAW OFFICES OF BONNER    @002/035

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **CHARLES A. BONNER**    SB #85413<br>1913 BRIDGEWAY<br>SAUSALITO, CA 94965 | |

TELEPHONE NO.: (415) 331-3070    FAX NO.: (415) 331-2738
ATTORNEY FOR (Name): CHARLES A. BONNER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME:

CASE NAME: BONNER v. REDWOOD MORTGAGE CORPORATION

**RECEIVED**

DEC 3 0 2009

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV 490921 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded        demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify):
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

**BY FAX**

Date: DECEMBER 30, 2009

CHARLES A. BONNER, ESQ.
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California    Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]    www.courtinfo.ca.gov

12/30/2009 18:38 FAX  4153312738          LAW OFFICES OF BONNER                    ☒002/035

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| CHARLES A. BONNER          SB #85413 | |
| 1913 BRIDGEWAY | |
| SAUSALITO, CA 94965 | RECEIVED |
| TELEPHONE NO.: (415) 331-3070   FAX NO.: (415) 331-2738 | |
| ATTORNEY FOR (Name): CHARLES A. BONNER | DEC 3 0 2009 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: **400 COUNTY CENTER**
MAILING ADDRESS:
CITY AND ZIP CODE: **REDWOOD CITY, CA 94063**
BRANCH NAME:

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CASE NAME: **BONNER v. REDWOOD MORTGAGE CORPORATION**

CIV 490991

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☒ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

**BY FAX**

Date: **DECEMBER 30, 2009**
**CHARLES A. BONNER, ESQ.**
(TYPE OR PRINT NAME)                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    CIVIL CASE COVER SHEET                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;  Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov