IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES A. BONNER,

    Plaintiff,

v.

REDWOOD MORTGAGE CORPORATION, TED J. FISHER, MICHAEL BURWELL AND DOES 1-100,

    Defendants.

No. C 10-00479 WHA

**ORDER RE DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this predatory lending action alleging sixteen claims under federal and state law, plaintiff is Attorney Charles A. Bonner, and defendants are Redwood Mortgage Corporation, Ted J. Fischer (sued herein as "Fisher"), and Michael Burwell. All claims against defendants were dismissed without prejudice, except for the claim of invasion of privacy which was dismissed with prejudice. Final judgment was entered in favor of defendants. Defendants now bring a motion for attorney's fees and litigation costs, claiming that plaintiff should be ordered to pay fees in the amount of $86,681.25, and costs in the amount of $593.50. For the reasons stated below, the motion for attorney's fees is **GRANTED IN PART AND DENIED IN PART**.[1]

---

[1] Defendants originally moved for $75,756.25 in attorney's fees, but adjusted the amount to $86,681.25 at the June 17 hearing to account for fees incurred since filing the motion.

**STATEMENT**

This dispute involves a mortgage loan secured by California real property in Sausalito. The property was alleged to be "residential real state," although it was actually the business address for plaintiff's counsel. It was never alleged to be plaintiff's primary residence (*see* Compl. at 1). The loan documents were purportedly signed by plaintiff Charles A. Bonner on or about May 20, 2008, at California Land Title of Marin before a notary public. Plaintiff Bonner is a licensed California attorney and one of two attorneys of record in this matter.

On January 4, 2010, plaintiff filed his *verified* complaint in San Mateo County Superior Court alleging sixteen federal and state law claims against defendants as "lenders". These claims included: (1) violations of the federal Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. 1639 *et seq*., (2) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 *et seq*., (3) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.* and Regulation Z, 12 C.F.R. 226.1 *et seq.*, (4) violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, (5) fraudulent misrepresentation, (6) breach of fiduciary duty, (7) unjust enrichment, (8) civil conspiracy, (9) civil RICO, (10) quiet title, (11) violations of California Business & Professions Code § 17200, (12) usury, (13) predatory lending, (14) unfair debt collection under California Civil Code § 1788 and the Fair Debt Collections Act, 15 U.S.C. 1692 *et seq.,* (15) invasion of privacy, and (16) intentional infliction of emotional distress. Defendants removed the case to federal court due to the existence of federal claims.

Soon after, defendants filed a FRCP 12(b)(6) motion to dismiss the complaint and for a more definite statement and moved to strike various portions of the complaint pursuant to FRCP 12(e) and (f), respectively. Plaintiff filed his opposition one month later.

Defendants also filed a request for judicial notice of several documents that are matters of public record, including the promissory note whose contents were alleged in the complaint (Compl. ¶ 24). Plaintiff voiced no objection.

On March 29, an order granted defendants' request for judicial notice and dismissed each of the claims in plaintiff's complaint, dismissing the invasion of privacy complaint with prejudice. The order noted that the verified complaint bore obvious indicia of being derived from

generic foreclosure pleadings available at large. Plaintiff's civil RICO claim, for example, was based on an Ohio law, and none of the property, parties or loan documents in the dispute had any connection whatsoever with Ohio. Plaintiff was granted ten days leave to amend and did nothing. On April 9, final judgment was entered in favor of defendants.

## ANALYSIS

### 1. ATTORNEY'S FEES FOR CLAIMS UNDER STATE STATUTE AND COMMON LAW.

#### A. Legal Standard.

Under the American Rule, the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the loser. But statute or enforceable contract allocating attorney's fees can overcome the rule. *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007).

State law governs the enforceability of attorney's fees provisions in contracts. California permits parties to allocate attorney's fees by contract. *See* Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . ."). Specifically, California Code of Civil Procedure § 1032 entitles the prevailing party to attorney's fees authorized by contract, statute, or law to be recovered as costs. The statute also defines "prevailing party" as "a defendant in whose favor dismissal is entered."

This ability to contract out of the American Rule is circumscribed, however, by California Civil Code § 1717, which provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The court, moreover, "shall determine who is the party prevailing on the contract." *Id.* at § 1717(b)(1). The party prevailing on the contract is the party who recovered a greater relief in the action on the contract.

3

**B. Application.**

**(1)** *Parties' Contract Falls Under California Code Of Civil Procedure § 1717*.

The promissory note and deed of trust plaintiff signed on April 28, 2008, both contained attorney's fees provisions, and thus California Code of Civil Procedure § 1717 applies. The contract provisions were as follows. Section 7 of the promissory note provided:

> If an action is instituted on this Note, or if *any other judicial or non-judicial action* is instituted by the holder hereof or by any other person, and an attorney is employed by the holder hereof to appear in any such action or proceeding or to reclaim, sequester, protect, preserve or enforce the holder's interest in the real property security or any other security for this Note . . . the Maker and every endorser and guarantor hereof and every person who assumes the obligations evidenced by this Note and the Loan Documents, jointly and severally *promise to pay reasonable attorney's fees* for services performed by the holder's attorneys, and all costs and expenses incurred incident to such employment

(Dkt. No. 32) (emphasis added). Section 1.12 of the deed of trust similarly provided:

> . . . Trustor shall appear in and defend *any action or proceeding* purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee, and shall pay *all costs and expenses, including, without limitation, cost of evidence of title and reasonable attorneys' fees, in any such action or proceeding* in which Beneficiary or Trustee may appear, and in any suit brought by beneficiary . . . to enforce or establish any other rights or remedies of Beneficiary hereunder. . . *under any federal or state law*

(Dkt. No. 32) (emphasis added). By signing these documents, plaintiff assumed broad liability for defendants' attorney's fees incurred in any action related to defendants' defense of the contract.

**(2)** *Defendants are Prevailing Party.*

Under California Code of Civil Procedure § 1032(a)(4), defendants are "prevailing party" because dismissal was entered in their favor and plaintiff received no relief whatsoever. Plaintiff failed to voluntarily dismiss the claim, and the dismissal on the merits renders defendants the clear prevailing party. *See Santisas v.Goodin*, 17 Cal.4th 599, 615 (1998).

### (3) *Defendants are Entitled to Attorney's Fees For Claims on the Contract.*

California Code of Civil Procedure § 1717 applies only in an action "on the contract" or to enforce the contract containing a prevailing party attorney's fees provision. The courts liberally construe any action involving a contract as "on the contract" for the purposes of Section 1717. *Turner v. Schultz*, 175 Cal. App. 4th 974, 979–80 (2009). Defendants may also recover fees for work performed on non-contract claims that is inextricably intertwined with that done on contract claims. Given their significant relation to the parties' contract, plaintiff's claims for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, quiet title, violations of California Business & Professions Code § 17200, usury, predatory lending, invasion of privacy, and intentional infliction of emotional distress are all "on the contract". Defendants, therefore, are entitled to attorney's fees under these claims.

Even though defendants are nonsignators to the contract, moreover, they are entitled to Section 1717 attorney's fees. Section 1717 is to be interpreted to provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when the plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant. *See Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 128 (1979). As in *Reynolds*, defendants here were sued as if they were parties to the contract, prevailed in an action on the contract, and would have been liable for attorney's fees had plaintiff prevailed. Defendants are therefore entitled to attorney's fees as nonsignators to the contract.

### 2. ATTORNEY'S FEES FOR CLAIMS UNDER FEDERAL STATUTE.

#### A. HOEPA and TILA Claims.

HOEPA is a section of TILA, and thus remedies for both are governed by TILA, 15 U.S.C. 1640(a)(3). No provision under TILA grants attorney's fees to prevailing lenders. Defendants are therefore not entitled to attorney's fees under TILA. A prevailing defendant, however, may be awarded its attorney's fees as sanctions under FRCP 11 if the court finds that the allegations in the complaint and other factual contentions did not have or were not likely to have evidentiary support at the inception of the lawsuit. Given that defendants have not moved

5

for FRCP 11 sanctions, this order declines to impose them and proceeds without consideration of FRCP 11.

Defendants do not seek relief under TILA, however, but rather under the parties' contractual agreement (Br. 10). Recovery of defendants' attorney's fees under the contract is not prohibited by TILA in the absence of clear congressional intent to preempt. *Weber v. Langholz*, 39 Cal. App. 4th 1578, 1586 (1995). California Code of Civil Procedure § 1717 thus applies here. Plaintiff's TILA and HOEPA claims are "on the contract" for the purposes of Section 1717 because they involve the contract, and the broad attorney's fees provisions in the parties' contract cover defendants' defense against these claims. Applying the same reasoning outlined in the state claim analysis above, defendants are entitled to attorney's fees under the HOEPA and TILA claims.

### B. RESPA Claim.

Similar to TILA, RESPA does not entitle prevailing lenders to attorney's fees. 12 U.S.C. 2605(f)(3). Applying the analysis used for TILA and HOEPA above, Section 1717 applies. Defendants are entitled to their attorney's fees under the RESPA claim.

### C. Fair Credit Reporting Act Claim.

The Fair Credit Reporting Act provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section *was filed in bad faith or for purposes of harassment*, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended . . .

15 U.S.C. 1681n(c) (emphasis added). The undersigned has noted that attorney plaintiff's complaint as a whole made no sufficient factual allegations and was clearly a "sloppy 'cut-and-paste' job using a generic mortgage pleading" (Dkt. No. 25). In the dismissal order, plaintiff was given the opportunity to amend his complaint and to allege facts that would satisfy a claim under the Fair Credit Reporting Act. Plaintiff did nothing. Plaintiff filed the Fair Credit Reporting Act claim in bad faith, and defendants are accordingly entitled to attorney's fees.

### D. Civil RICO Claim.

Although the RICO statute only permits prevailing plaintiffs to recover attorney's fees, prevailing defendants may also recover attorney's fees when specified in an agreement of the parties. *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996). The attorney's fees provisions of the parties' contract are sufficiently broad to cover actions under RICO. Given that defendants are the prevailing party as discussed above, they are entitled to attorney's fees under the civil RICO claim.

### E. State and Federal Debt Collection Practices Act Claims.

Both the state and federal Debt Collection Practices Act claims are addressed at once. The California Fair Debt Collection Practices Act allows a prevailing defendant to recover attorney's fees upon a finding by the court that the debtor's prosecution or defense of the action was "not in good faith." Cal. Civ. Code § 1788.30. Following the reasoning above, plaintiff acted in bad faith by submitting a generic mortgage pleading barren of researched factual allegations. Defendants are entitled to attorney's fees under this state act.

The federal Debt Collection Practices Act, however, provides: "upon a finding by the court that an action under this section was brought in *bad faith and for the purpose of harassment*, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs. 15 U.S.C. 1692k. The defendant must show with more than conclusory assertions that the plaintiff acted in bad faith and for the purpose of harassment. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940–41 (9th Cir. 2007). Although the *Guerrero* court declined to find bad faith because the plaintiff's claims were "minimally colorable," such is not the case here. The March 29 order emphasized that attorney plaintiff alleged no facts to support his claims. Although bad faith is easily found, however, purpose of harassment is not evident. Defendants' conclusory assertion that plaintiff's purpose was to harass does not entitle them to attorney's fees under the federal Debt Collection Practices Act.

### F. Attorney's Fees under 28 U.S.C. 1927.

Section 1927 provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. 1927. Imposition of costs and fees under Section 1927 may be made only on a finding that the attorney acted "recklessly or in bad faith." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987). Sanctions, however, should not be imposed without notice and a hearing allowing counsel an opportunity to explain his conduct. Although plaintiff pursued a completely unmeritorious action, he will not be sanctioned under 28 U.S.C. 1927. The attorney and plaintiff here are one in the same, and given defendants' entitlement to attorney's fees and costs on other grounds such a hearing is unnecessary.

### 3. PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION.

Plaintiff's opposition to defendants' motion fails to refute their arguments and constitutes an attempt to re-argue the merits of the FRCP 12(b)(6) motion to dismiss. Plaintiff essentially argues: (1) his claims were meritorious, (2) his claims were made in good faith because he believed that Redwood Mortgage Investment VIII (RMI), a party unnamed in the action, did not have a license, (3) a court need not find a prevailing party and defendants are not the prevailing party, (4) defendants are not entitled to fees "because they [*sic*] unclean hands" and unconscionably lured him into taking out the loan, and (5) plaintiff's failure to amend his complaint amounted to a voluntary dismissal of the action (Dkt. No. 35, 36).

*First*, given that all of plaintiff's sixteen claims have been dismissed on the merits, these claims were not meritorious as plaintiff continues to assert (Dkt. No. 25). *Second*, a finding of bad faith is only relevant to the determination of attorney's fees under the Fair Credit Reporting Act, the state and federal Debt Collection Practices Act, and 28 U.S.C. 1927. Plaintiff's assertion of good faith based on his stated belief regarding RMI's license is irrelevant and does not overcome the overwhelming evidence that he filed a *verified* complaint using a template mortgage pleading and presented no facts to support it. RMI was not a defendant, moreover, and plaintiff's complaint never even mentioned his alleged belief that RMI was not licensed. *Third*, plaintiff cites *Nasser v. Superior Court*, 156 Cal.App.3d 52, 58 (1984), to argue that a court need not find a prevailing party and that defendants are not the prevailing party, but that decision falls short. Finding a prevailing party may not be mandatory, but it is easily done here.

8

California Code of Civil Procedure § 1032's definition of prevailing party as "a defendant in whose favor a dismissal is entered," coupled with plaintiff's complete lack of relief, rendered defendants the clear prevailing party. *Fourth*, the argument that defendants are not entitled to fees "because they [*sic*] unclean hands" is unsupported, serving only to illustrate plaintiff's cringe-worthy carelessness. Plaintiff's argument that defendants unconscionably took advantage of him, a well-known attorney, by inducing him to sign a one-sided loan agreement is also unconvincing. *Fifth*, failure to amend is not voluntary dismissal. *See* FRCP 41 (setting forth the procedural rules a plaintiff must follow to voluntarily dismiss a complaint).

## CONCLUSION

For the foregoing reasons, defendants' motion for attorney's fees under the federal Debt Collection Practices Act and 28 U.S.C. 1927 is **DENIED.** Defendants' motion for attorney's fees under all other claims is **GRANTED**. The Court is prepared to award $30,000 as clearly warranted in this matter. More may possibly be warranted, so if defendants truly seek more, then defendants should so state within **SEVEN CALENDAR DAYS** and then follow the procedure for determining the amount of reasonable attorney's fees and costs as set forth in the companion order.

**IT IS SO ORDERED.**

Dated: June 17, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE