IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. BONNER,<br><br>        Plaintiff,<br><br>    v.<br><br>REDWOOD MORTGAGE CORPORATION,<br>TED J. FISHER, MICHAEL BURWELL,<br>and DOES 1- 100,<br><br>        Defendants.<br>                                                              / | No. C 10-00479 WHA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATIONS OF SPECIAL MASTER RE ATTORNEY'S FEES WITH MODIFICATIONS** |

The undersigned judge has reviewed the report and recommendations of Special Master Bradley Bening, who was appointed in this matter on August 13, 2010, to review the billing records from both sides and recommend a reasonable award of attorney's fees and costs for defendants, the prevailing party in this action. As required by the June 18 order setting forth the procedure for determining reasonable attorney's fees and costs, Special Master Bening submitted a thorough report on September 17 — supported by detailed declarations — explaining his findings, the bases for them, and his recommendations.

The report is broken down by each "task" for which defendants submitted billing records, including defendants' motion to dismiss (and associated reply brief), defendants' motion for attorney's fees (and associated reply brief), defendants' motion to strike, and other filings and actions that defendants argued were integral to their defense. Special Master Bening then

reviewed these records and reduced and/or struck the requested fees for many of these tasks. For example, Special Master Bening concluded that the involvement of two senior partners in the drafting of the motion to dismiss was excessive, and therefore reduced defendants' fee request by over $6,000. A similar reduction of over $13,000 in requested fees was made to defendants' request pertaining to their motion for attorney's fees. Finally, the requested fees associated with defendants' motion to strike were eliminated entirely as being subsumed within the fees awarded for the motion to dismiss.

On September 23, plaintiff Charles Bonner (who is also an attorney) filed objections to the report of Special Master Bening. In his objections, Attorney Bonner asserted that the special master had failed to take into account the fact that defendants were *not* entitled to recover attorney's fees for their claims brought under the federal Debt Collection Practices Act and 28 U.S.C. 1927. Additionally, plaintiff noted that the undersigned judge had previously stated in a prior order that $30,000 would be a reasonable award of attorney's fees. Neither of these objections warrants a departure from the special master's recommendations. *First*, in his report, the special master meticulously listed each claim for which defendants were entitled to an award of attorney's fees (Report ¶ 1). Notably absent from this list were plaintiff's claims brought under the federal Debt Collection Practices Act and 28 U.S.C. 1927. From this omission, it can be reasonably inferred that the special master properly limited his recommended award to the appropriate claims. *Second*, while the undersigned judge did state that "[t]he Court is prepared to award $30,000 as clearly warranted in this matter[,]" that same order also noted that "[m]ore may possibly be warranted" and allowed defendants the opportunity to prove their entitlement to a larger award (Dkt. No. 40 at 9). Defendants have clearly substantiated such an entitlement.[*] Finally, this order emphasizes that Attorney Bonner had the opportunity to voice these concerns at the September 16 telephonic conference held with Special Master Bening.

---

[*] In this connection, this order notes that Special Master Bening repeatedly mentioned in his report that plaintiffs failed to comply with the Court's procedural order for determining reasonable attorney's fees and costs. For example, Special Master Bening noted that he "had limited evidence from Plaintiff to consider, and virtually no evidence from Plaintiff consistent with the Court's order" (Report ¶ 5).

2

In sum, this order finds that all of the downward adjustments performed by the special master were proper. That said, additional reductions to the special master's recommended fee award will be made to ensure its reasonableness. *First*, this order agrees with Attorney Bonner that fees and costs related to insurance ($3,650) and the removal of this action from state court ($2,497.50) should *not* be included in the award. While perhaps foreseeable, these expenses were not necessary to defend against this action. *Second*, given the sloppy "boiler plate" nature of plaintiff's complaint (indeed, certain claims were based upon out-of-state law), this order will reduce the requested fees associated with "lawsuit evaluation" from $6,431.25 to $5,000. Taking these reductions into account, this order finds that defendants are entitled to a reasonable award of attorney's fees and costs in the amount of $70,000.00.

With respect to fees associated with the preparation of his report and recommendations, Special Master Bening has requested a total of $3,000, which reflects a 50 percent reduction from his customary hourly rates as an arbitrator and attorney. Based upon his review of the pleadings, motions, and orders in this action, Special Master Bening recommends that plaintiff — the non-prevailing party — be charged with this fee. This order agrees.

In conclusion, based upon the findings and recommendations set forth in the report of Special Master Bening, the objections filed by Attorney Bonner, and the various points discussed herein, defendants are hereby awarded $70,000 in reasonable attorney's fees and costs. Separate and aside from this award, plaintiff is ordered to pay $3,000 to Special Master Bening for the preparation of his report.

**IT IS SO ORDERED.**

Dated: September 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE